[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14703
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cv-80624-JIC

RATEEK ALLAH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 21, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Rateek Allah, a federal prisoner proceeding *pro se*, appeals the district

court's order denying his *pro se* Rule 60(b) motion challenging a prior district

court order dismissing his 28 U.S.C. § 2241 petition.  The Government has

responded by moving to dismiss the appeal for lack of jurisdiction, for summary affirmance, and to stay the briefing schedule.

## I.

The Government's motion to dismiss this appeal for lack of jurisdiction is DENIED. The district court did not construe either Allah's petition or his motion as unauthorized successive 28 U.S.C. § 2255 motions. Accordingly, the Government's argument that we lack jurisdiction because Allah has not been granted a certificate of appealability is incorrect. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (noting that a certificate of appealability is not required where a federal prisoner is proceeding under § 2241); *see also* 28 U.S.C. § 2253(c)(1).

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotations omitted).

A party may seek relief from a final judgment by filing a Rule 60(b) motion. Fed. R. Civ. P. 60(b).  We review the denial of a Rule 60(b) motion for relief from judgment for an abuse of discretion.    *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 734 (11th Cir. 2014).

We GRANT the Government's motion for summary affirmance because there is no substantial question that the district court did not abuse its discretion in denying Allah's Rule 60(b) motion.  *See Groendyke*, 406 F.2d at 1162.  Allah argued in his motion that he wanted to set aside the district court's prior ruling as to his § 2241 petition because the court erred in construing his petition as an unauthorized successive § 2255 motion.  However, the district court clearly stated, both in the original denial of Allah's § 2241 petition and its denial of Allah's Rule 60(b) motion that it did not construe his petition as a § 2255 motion.  Therefore, the district court did not abuse its discretion in denying Allah's Rule 60(b) motion.  Moreover, on appeal, Allah makes no arguments that the district court erred in denying his Rule 60(b) motion, only focusing on the merits of his petition that he no longer qualifies as a career offender.  *See  Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining a *pro se* litigant who does not address an issue in his initial brief abandons the issue on appeal).

Thus, there is no substantial question as to the outcome of the case, and the Government's position is correct as a matter of law. *See Groendyke*, 406 F.2d at 1162. Accordingly, the Government's motion for summary affirmance is GRANTED and its motion to stay the briefing schedule is DENIED as moot. All other pending motions are DENIED as moot.